# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JACOB PALIWODA,  )
 )
       Plaintiff, )
 )
v. ) Case No. 12-2740-KGS
 )
DR. JASON SHOWMAN, )
 )
       Defendant. )

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendant Dr. Jason Showman's Motion to Strike Plaintiff Jacob Paliwoda's Expert Witness Disclosures (ECF No. 44). Dr. Showman argues that Mr. Paliwoda's initial expert witness disclosure of Dr. Timothy Taylor and two subsequently revised disclosures fail to comply with Federal Rules of Civil Procedure 26(a)(2)(B). Specifically, Dr. Showman asserts that the expert disclosures were not accompanied by a written expert report that: 1) was prepared and signed by Dr. Taylor; 2) contains the basis and reasons for Dr. Taylor's opinions; 3) contains the facts and data considered by Dr. Taylor when formulating his opinions; 4) contains any exhibits that will be used to summarize or support Dr. Taylor's opinions; and 5) contains adequate information regarding cases in which Dr. Taylor previously testified as an expert. Dr. Showman asserts that he is prejudiced by Mr. Paliwoda's noncompliance with the Rules and requests that Dr. Taylor be stricken as an expert witness. The Motion has been fully briefed and is ripe for this court's decision.[1] For the following reasons, the court hereby denies Dr. Showman's Motion.

---

[1] Dr. Showman did not file a reply brief and the time to do so has passed. *See* D. Kan. Rule 6.1(d)(1).

## I. Background

On November 21, 2012, Mr. Paliwoda filed this medical malpractice action against Dr. Showman for allegedly failing to provide him with proper dental care and treatment. According to Mr. Paliwoda, on or about May 9, 2005, he suffered a dental trauma and sought treatment from Dr. Showman. Mr. Paliwoda alleges that Dr. Showman negligently treated him and, as a result, he sustained permanent damage.

On February 6, 2013, the court entered a Scheduling Order governing all case management deadlines in this matter. The Scheduling Order established that disclosures required by Rule 26(a)(2), including reports from retained experts, were to be served by Mr. Paliwoda on or before July 1, 2013. On July 1, 2013, Mr. Paliwoda served Dr. Showman with his expert witness disclosure of Dr. Taylor.[2] Since July 1, 2013, however, Mr. Paliwoda has supplemented or revised this disclosure on three separate occasions.

The first revised disclosure was served by Mr. Paliwoda on July 3, 2013. On July 5, 2013, Dr. Showman's attorney, Tracie England, and Mr. Paliwoda's attorney, James R. Shetlar, discussed the sufficiency of the two previously served disclosures, particularly their accompanying expert reports.[3] On July 17, 2013, Mr. Paliwoda served his second revised disclosure. Both the first and second revised disclosures were accompanied by expert reports that modified and eliminated some of Dr. Taylor's opinions he included in his initial report. In addition, the second revised report included an electronic signature and signature block of Dr. Taylor, which was previously a handwritten signature and signature block of Mr. Shetlar.

On July 25, 2013, Dr. Showman filed the present Motion arguing that all three disclosures, particularly the second revised disclosure, contained expert reports that do not

---

[2] Notice of Service, ECF No. 34.

[3] *See* Ex. D at 5, ECF No. 49-5.

comply with Rule 26(a)(2)(B) without any substantial justification. Based upon this argument, Dr. Showman requests the court strike Dr. Taylor as an expert witness and require Mr. Paliwoda to pay the fees and costs incurred in preparing this Motion. On August 6, 2013, Mr. Paliwoda filed with the court a third revised disclosure.[4] The next day, Mr. Paliwoda responded to the present Motion arguing that his initial disclosure was accompanied by an expert report that complied with Rule 26(a)(2)(B).

## II. Procedural Conference Requirement

Rule 37(a)(1) and D. Kan. Rule 37.2 require a moving party, in good faith, to confer with opposing counsel about any discovery disputes before filing a motion to resolve the discovery issue. When a motion is filed, it "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[5] The duty to confer generally requires counsel to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[6]

In addition to the meet-and-confer requirement set forth in the Rules, the Scheduling Order, as amended, places additional obligations on a party objecting to an expert witness disclosure. The Scheduling Order states that:

> The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided,

---

[4] *See* Am. Expert Witness Designation #3 by Jacob Paliwoda, ECF No. 48.

[5] Fed. R. Civ. P. 37(a)(1).

[6] D. Kan. Rule 37.2.

3

> such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.

Turning to this case, the undersigned strongly believes the parties could have resolved this discovery dispute without court intervention. On July 5, 2013, a few days after Mr. Paliwoda served his first revised expert disclosure, Ms. England e-mailed Mr. Shetlar to try and rectify the alleged deficiencies of Dr. Taylor's expert report.[7] Mr. Shetlar responded and inquired into what Ms. England thought was deficient.[8] Ms. England referred him to the Federal Rules of Civil Procedure governing expert reports, but provided no further guidance.

On July 8, 2013, Dr. Showman filed with the court a formal objection to Mr. Paliwoda's initial and first revised expert disclosures. The objection stated that the disclosures "are deficient in that they fail to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Neither disclosure was accompanied by a written report, prepared and signed by the expert, containing the items referenced in sections (i) through (vi) of Rule 26(a)(2)(B)."[9] The formal objection also stated "counsel for defendant notified counsel for plaintiff via e-mail of such deficiencies, and a dialogue ensued."[10] That same day, Mr. Shetlar e-mailed Ms. England stating that he would have a revised report to her the following day.[11] On July 9, 2013, Mr. Shetlar e-mailed Ms. England stating that a new report would be sent out at a later date due to an emergency root canal surgery

---

[7] *See* Ex. D at 5, ECF No. 49-5.

[8] *Id.*

[9] Objection to Pl.'s Initial and Revised Expert Witness Disclosures at 1, ECF No. 36.

[10] *Id.*

[11] *See* Ex. D at 4, ECF No. 49-5.

he had scheduled for the next day.[12] On July 17, 2013, Mr. Shetlar e-mailed Mr. Paliwoda's second revised expert disclosure to Ms. England and indicated that he would be out on vacation until the following week.[13] According to defense counsel's time records, preparation of the Motion to Strike commenced that same day.[14] On the date of Mr. Shetlar's return from vacation, Ms. England filed the present Motion, apparently without any intervening discussion or contact with Mr. Shetlar regarding the second revised expert disclosure.

After reviewing the correspondence between the parties, the court finds that Ms. England did not converse, confer, compare views, consult, and deliberate with opposing counsel as contemplated by the Rules. Rather, Ms. England continually directed Mr. Shetlar to the Rules as "it will be self explanatory."[15] Only after filing the present Motion were Dr. Showman's concerns truly raised. As a result, the court finds that the meet-and-confer obligation was not satisfied. This Motion could be denied on this ground alone. However, the court, in its discretion, will consider the merits of Dr. Showman's arguments.

### III. Legal Standard

Rule 26 governs the disclosure of expert testimony. It provides, in relevant part, that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[16] "This provision imposes a 'duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps

---

[12] *See* Ex. G at 3, ECF No. 45-7.

[13] *See* Ex. D at 1, ECF No. 49-5.

[14] *See* Ex. J, ECF No. 45-10.

[15] *See* Ex. D at 5, ECF No. 49-5.

[16] Fed. R. Civ. P. 26(a)(2)(A).

arrange for expert testimony from other witnesses.'"[17] "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ."[18] The accompanying report must include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.[19]

An incomplete or preliminary report does not comply with Rule 26(a)(2).[20] Nonetheless, "[t]he rules contemplate periodic supplementation, providing for both an update of the information contained in the report and the information provided through deposition of the expert testimony."[21] As set forth in Rule 26(e)(1) and (2), a party is required to supplement its

---

[17] *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191 (10th Cir. 2009) (quoting Fed. R. Civ. P. 26(a) advisory committee notes to 1993 amendments).

[18] Fed. R. Civ. P. 26(a)(2)(B).

[19] *Id.*

[20] *Bruner-McMahon v. Sedgwick Cnty. Bd. of Comm'rs*, No. 10-CV-1064-KHV, 2012 WL 33837, at *2 (D. Kan. Jan. 6, 2012) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002); *Kern River Gas Transmission Co. v. 6.17 Acres of Land*, 156 F. App'x 96, 102 (10th Cir. 2005)).

[21] *Holt v. Wesley Med. Ctr.*, No. 00-1318-JTM, 2006 WL 5556006, at *1 (D. Kan. Jan. 25, 2006) (citing Fed. R. Civ. P. 26(e)(1); *Majewski v. Southland Corp.*, 170 F.R.D. 25, 26 (D. Kan. 1996)).

expert's written report and deposition testimony when the prior information is "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." With these standards in mind, the court turns to the present discovery dispute.

IV. **Discussion**

As an initial matter, the court must determine which of the four disclosures it should examine. Dr. Showman's Motion primarily focuses on the alleged insufficiencies of Mr. Paliwoda's second revised disclosure but he states that his arguments also apply to Mr. Paliwoda's initial and first revised disclosures.[22] Mr. Paliwoda's response primarily focuses on his initial expert disclosure. Dr. Showman never addresses the sufficiency of the third revised disclosure, which was filed after the present Motion. Therefore, the court will first address the sufficiency of the initial disclosure and its subsequent two revisions together.

A. *Sufficiency of Mr. Paliwoda's Expert Disclosures*

As previously mentioned, Dr. Showman argues that the first three expert disclosures, particularly the second revised disclosure, are not accompanied by an expert report that complies with Rule 26(a)(2)(B). The court addresses these alleged deficiencies in turn.

i. *Written Report Prepared and Signed by Dr. Taylor*

Dr. Showman argues that Mr. Paliwoda's first three expert disclosures fail to comply with Rule 26(a)(2)(B) because their accompanying reports were prepared and signed by Mr. Shetlar, not Dr. Taylor. Dr. Showman calls into question the preparer of the reports' identity because the first and second revised reports were "nothing more than a cut-and-paste job . . . ." Additionally, the initial and first revised reports contain the signature and signature block of Mr. Shetlar. Dr. Showman also highlights the nature of Dr. Taylor's electronic signature in the

---
[22] *See* Mem. in Supp. of Def.'s Mot. to Strike at 5, ECF No. 45.

second revised report and asserts that Mr. Shetlar was the person who attributed the report to Dr. Taylor, not Dr. Taylor himself.

Mr. Paliwoda does not deny that someone other than Dr. Taylor prepared his expert reports. He argues, however, that Dr. Taylor is not required to physically type the report himself as long as the content was provided by Dr. Taylor. The court agrees. A report can be "prepared by" an expert even though it was not physically created by the expert.[23] Rule 26 advisory committee notes to the 1993 amendments contemplated the possibility of assistance given to experts when preparing their reports:

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

In this case, Dr. Taylor acknowledges that he did not physically type the reports.[24] Dr. Taylor declares that, because he does not have a secretary, he agreed to Mr. Shetlar preparing the reports.[25] After a report was prepared, Mr. Shetlar e-mailed it to Dr. Taylor for his review.[26] Dr. Taylor declares he reviewed the report and signed it using an electronic signature—a signature only evidenced in Mr. Paliwoda's second revised expert report.[27] Nonetheless, Dr. Showman

---

[23] *Marek v. Moore*, 171 F.R.D. 298, 302 (D. Kan. 1997) (finding that an expert report typed by the staff of an attorney, rather than by the expert, does not disqualify the report under Rule 26(a)(2)(B) as not being prepared by the expert).

[24] Aff. of Dr. Timothy S. Taylor, D.D.S. at 1, ECF No. 49-6.

[25] *Id.*

[26] *Id.*

[27] *Id.*

does not establish that the preparation of the initial report, and its subsequent revisions, were not authorized and adopted by Dr. Taylor.[28]

Turning to the signatures affixed to Dr. Taylor's expert reports, the court finds that the initial and first revised reports unequivocally do not contain Dr. Taylor's signature of any kind, electronic or handwritten. Therefore, these reports fail to comply with Rule 26(a)(2)(B) in this respect. These deficiencies, however, were later cured by the second and third revised reports which contained either Dr. Taylor's electronic or handwritten signature.

> ii. The Basis and Reasons for Dr. Taylor's Opinions and the Facts or Data He Considered

Dr. Showman next argues that the original and the first two revised expert reports lack the specific basis and reasons for Dr. Taylor's opinions as required by Rule 26(a)(2)(B)(i). Dr. Showman also contends that the reports lack facts or data Dr. Taylor relied upon to formulate his opinions as set forth in Rule 26(a)(2)(B)(ii). Dr. Showman acknowledges that the reports state Dr. Taylor's opinions are based upon his educational background, experience as a dentist, and teaching clinical practice and method at the UMKC Dental School.[29] He also acknowledges that the reports state Dr. Taylor reviewed and considered the dental reports and records of Mr. Paliwoda (i.e. Dr. Showman's records, Dr. Whitten's records, Dr. Hall's records, and any other dental records of Mr. Paliwoda), Dr. Showman's deposition, Dr. Chronister's report, Mr. Paliwoda's x-rays taken "by dentist [sic]" referenced in the disclosures, and Dr. Taylor's own examination of Mr. Paliwoda. Dr. Showman, however, argues that expert reports fail to comply with the Rules because they do not: 1) state what material was reviewed for each opinion, 2)

---

[28] This opinion in no way suggests that attorneys are licensed to change the opinions and reports of expert witnesses without their authorization and adoption. In addition, the authorization and adoption should be freely provided by the expert and "not merely for appeasement or because of intimidation or some undue influence by the party or counsel who has retained him." *Marek*, 171 F.R.D. at 302.

[29] *See* Mem. in Supp. of Def.'s Mot. to Strike at 11, ECF No. 45.

delineate which x-rays were reviewed, 3) describe what Dr. Taylor's examination entailed and how it supported his opinions, and 4) include any records generated by Dr. Taylor during his independent dental examination. In addition, Dr. Showman asserts that he "is left to guess which data and facts from all those housed within the reviewed materials were relevant to Dr. Taylor's opinions" because those materials "contain hundreds of facts and pieces of data."[30]

After reviewing the first three disclosures, in particular the initial disclosure, the court finds that Dr. Taylor set forth the basis and reasons for his opinions. While not a model of clarity, the first three reports include a blanket statement that Dr. Taylor's opinions are based upon his educational background and teaching experience. In addition, the reports indicate that all of Dr. Taylor's opinions were a result of Dr. Showman's deviations from standard dental care.

The reports also comply with Rule 26(a)(2)(B)(ii), which requires the facts or data considered by the witness in forming his or her opinion to be disclosed. As the advisory committee notes to Rule 26 state, the addition of "facts or data" to the Rules in 2010 was intended, amongst other reasons, to be "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert."[31]

Here, Dr. Taylor's first three reports appear to set forth the facts and data he considered in forming each opinion. The reports state that Dr. Taylor's opinions were formed after he conducted an independent dental examination of Mr. Paliwoda and reviewed Mr. Paliwoda's dental records. Dr. Taylor attests that he did not disclose any records from his independent

---

[30] *See* Mem. in Supp. of Def.'s Mot. to Strike at 12, ECF No. 45.

[31] Fed. R. Civ. P. 26(a)(2) advisory committee notes to 2010 amendments.

10

medical examination because none where produced.[32] In addition, the reports state that Dr. Taylor reviewed Dr. Showman's deposition, Dr. Chronister's report, and Mr. Paliwoda's x-rays. There is no reason to believe this is not a comprehensive list of facts and data Dr. Taylor considered. Therefore, the court finds Dr. Taylor's reports comply with Rule 26(a)(2)(B)(ii) and any lack of clarity is cured by Mr. Paliwoda's third revised disclosure.

The court agrees that Dr. Taylor's reports do not delineate which x-rays he reviewed when formulating his opinions. The expert reports state that "Dr. Taylor has reviewed what he believes [are] all the x-rays that were taken of the claimant by dentist [sic] listed above."[33] However, the reports previously list several dentists and, therefore, it is unclear which x-rays were reviewed. Mr. Paliwoda concedes this point and proclaims that this was merely a typographical error. The word "dentist" should have been in its plural form, meaning that the x-rays he reviewed were those produced by all dentists previously listed.[34] Dr. Showman is now aware of this typographical error.

### iii. Exhibits Used to Summarize or Support Expert Opinion

Dr. Showman next argues that the first three expert disclosures do not contain an accompanying expert report listing exhibits that will be used to summarize or support Dr. Taylor's opinions as required by Rule 26(a)(2)(B)(iii). Mr. Paliwoda's first three expert disclosures state that "Dr. Taylor has reviewed as reflected in ii, all the records that have been set out[,]" referring to a list of reports, x-rays, and a deposition. Without any further information, the court would likely conclude this list meets the requirement set forth in Rule 26(a)(2)(B)(iii). However, the third revised disclosure includes additional exhibits which were not included in the

---

[32] *See* Aff. of Dr. Timothy S. Taylor, D.D.S. at 2, ECF No. 49-6.

[33] *See* Am. Expert Witness Designation #3 by Jacob Paliwoda at 7, ECF No. 48.

[34] Pl.'s Mem. in Resp. to Def.'s Mot. to Strike at 3, ECF No. 49.

11

first three disclosures. For example, Dr. Taylor's first expert opinion in his third revised expert report lists three additional scholarly literatures as exhibits that were not previously mentioned. As a result, the first three reports fail to set out all exhibits that will be used to summarize or support Dr. Taylor's opinions as required by the Rules.

*iv.     List of Cases*

Dr. Showman further argues that Mr. Paliwoda's first three disclosures fail to list adequately the cases Dr. Taylor testified as an expert for the last four years as required by Rule 26(a)(2)(B)(v). As explained by Magistrate Judge Newman in *Nguyen v. IBP, Inc.*,

> The information required to be disclosed are "cases" in which the witness has testified. The identification of "cases" at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial. Such information should be sufficient to allow a party to review the proceedings to determine whether relevant testimony was given. With this information, a party should be able to determine the type of claim presented and locate any recorded testimony.[35]

This District has considered the identification information for cases listed in *Nguyen* to be a minimum requirement, with few exceptions, when setting out an expert's list of cases.[36] "Such minimal information enables the opposing party to review the previous testimony, if desired."[37]

In this case, Plaintiff's first three disclosures contained a list of cases, each including: 1) a case name, 2) a name of a law firm, 3) a date which the court presumes is the date of his

---

[35] 162 F.R.D. 675, 682 (D. Kan. 1995).

[36] *See Mounger v. Goodyear Tire & Rubber Co.*, No. 99–2230–JWL, 2000 WL 1466198, at *3 (D. Kan. Sept. 22, 2000) (finding that an expert report is insufficient because it fails to meet the minimum disclosure identification of cases set out in *Nguyen*); *Schmitt v. Beverly Health & Rehabilitation Servs., Inc.*, No. Civ. A. 96-2537-EEO, 1997 WL 728133, at *3 (D. Kan. Nov. 19, 1997) (stating that "[t]he identification should contain at a minimum the information listed in *Nguyen*."); *see also Holt*, 2006 WL 5556006, at *4 (stating that although the *Nguyen* information "may be necessary . . . to locate prior testimony, such information may not be absolutely necessary where the parties may have access to this information because of previous litigation or through the course of discovery").

[37] *Schmitt*, 1997 WL 728133, at *3.

testimony, 4) presumably the status of the case (e.g. closed, verdict, current, or pending), and 5) a party (e.g. defendant or plaintiff) without any information how this party relates to his deposition. On their face, the first three reports fail to include all of the information identified in *Nguyen*—they do not include the court or administrative body, the case number, and whether the testimony was by deposition or at trial. This lack of basic information may have caused difficulty in locating and reviewing Dr. Taylor's previous testimony. It does appear the third revised disclosure has cured this deficiency.

### B. Sanctions

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[38] "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[39] While a court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness.[40] "The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make the

---

[38] Fed. R. Civ. P. 37(c)(1).

[39] *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *7 (D. Kan. Apr. 30, 2013) (internal quotes and citations omitted).

[40] *Id.* (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Gutierrez v. Hackett*, 131 F. App'x 621, 625-26 (10th Cir. 2005)).

required disclosure."[41] In addition to or instead of striking an expert witness, a court may order additional sanctions as set forth in Rule 37(c)(1), including the payment of the reasonable expenses and fees. The primary goal of sanctions is to deter misconduct.[42] "In ruling on a motion to exclude expert testimony or strike an expert witness under Rule 37(c)(1), the court should bear in mind that it is a 'drastic sanction.'"[43]

In this case, Dr. Showman argues that he is prejudiced by the deficient expert witness disclosures for several reasons, including: a) incurring additional expense by preparing and filing two motions, b) having to postpone Dr. Taylor's deposition, c) having to postpone Dr. Whitten's deposition or take it out of sequence, d) being required to spend considerable time during Dr. Taylor's deposition, if it went forward, to determine what facts and data are pertinent to his opinions, and e) the discovery and trial setting may be prolonged. After reviewing the factors mentioned in preceding paragraph, Mr. Paliwoda's failure to fully comply with Rule 26(a)(2)(B) is found to be harmless.

Beginning with Mr. Paliwoda's ability to cure any prejudice, the third revised disclosure satisfies the Rule 26(a)(2)(B) requirements and cures any potential prejudice to Dr. Showman. Also, a trial date has not been set and, therefore, will not be disrupted. In addition, Dr. Taylor's deposition may not have gone forward regardless of any deficiency. No notice of deposition was filed and, as of July 11, 2013, there "remained some uncertainty as to whether the deposition would truly go forward on July 12th."[44] In fact, Ms. England requested to postpone the July 12

---

[41] *A.H. v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2010 WL 4272844, at *5 (D. Kan. Oct. 25, 2010) (citations omitted).

[42] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 640 (D. Kan. 2001).

[43] *A.H.*, 2010 WL 4272844, at *5 (citing *Myers v. Mid–West Nat. Life Ins. Co.*, No. 04–cv–00396–LTB–KLM, 2008 WL 2396763, at *2 (D. Colo. June 9, 2008); *Burton,* 203 F.R.D. at 640)).

[44] Mem. in Supp. of Def.'s Unopposed Mot. to Extend Certain Disc. Deadlines at 3 n.1, ECF No. 39.

deposition because, even if the deficiencies were cured, her other workload did not provide her sufficient time to prepare.[45] Dr. Showman is now aware regarding the typographical error pertaining to x-rays Dr. Taylor reviewed. Finally, both parties agree that Mr. Paliwoda's error was not done in bad faith. For these reasons, the court finds that Mr. Paliwoda's deficiencies in fully complying earlier with Rule 26(a)(2)(B) have been cured and under the circumstances are harmless. Dr. Showman's request for sanctions is denied.

The court believes that a revised scheduling order should be entered in this case to assure that the parties have adequate time to complete all pretrial activities.[46] The parties shall comply with the court's previous order (ECF No. 54) and jointly submit an amended scheduling order with proposed deadlines for all remaining discovery deadlines.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Dr. Jason Showman's Motion to Strike Plaintiff Jacob Paliwoda's Expert Witness Disclosures (ECF No. 44) is hereby denied.

**IT IS FURTHER ORDERED** that Defendant Dr. Jason Showman's request for sanctions is hereby denied.

**IT IS FURTHER ORDERED** that the parties shall comply with the court's previous order (ECF No. 54) and jointly submit an amended scheduling order with proposed deadlines for all remaining discovery deadlines within fourteen (14) days from the date of this order.

**IT IS SO ORDERED.**

Dated this 6th day of November, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[45] Ex. D at 3, ECF No. 49-5.

[46] *See* Order granting Def.'s Mot. to Stay Certain Deadlines, ECF No. 54.