## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACOB PALIWODA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2740-KGS |
| | ) | |
| DR. JASON SHOWMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant Dr. Jason Showman's Motion to Strike the Supplemental Opinions in Plaintiff's Expert Witness Disclosure and One Previously Disclosed Opinion (ECF No. 69). Defendant argues that Plaintiff Jacob Paliwoda's served a fourth revised expert report authored by Dr. Timothy Taylor containing three new opinions (opinions 13, 14, and 15) that are improper under Fed. R. Civ. P. 26(e) and, therefore, should be stricken under Fed. R. Civ. P. 37(c). In addition, Defendant asks the Court to strike another one of Dr. Taylor's opinions (opinion 9) because he allegedly admitted in his deposition that this specific opinion is no longer valid. Based on the following, Defendant's motion is hereby granted in part and denied in part.

### I.    Background

On November 21, 2012, Plaintiff filed this medical malpractice action against Defendant for allegedly failing to provide him with proper dental care and treatment. According to Plaintiff, on or about May 9, 2005, he suffered a dental trauma and sought treatment from Defendant. Plaintiff alleges that Defendant negligently treated him, and as a result, he sustained permanent damage.

On February 6, 2013, the Court entered a Scheduling Order, which established that disclosures required by Rule 26(a)(2), including reports from retained experts, were to be served by Plaintiff on or before July 1, 2013. On the day of the July 1 deadline, Plaintiff served Defendant with Dr. Taylor's expert witness disclosure. Between July 1, 2013, and July 25, 2013, Plaintiff revised this disclosure on two separate occasions. On July 25, 2013, Defendant filed a motion to strike Plaintiff's expert witness disclosure. On August 6, 2013, Plaintiff filed with the court a third revised disclosure. Thereafter, the Court denied Defendant's motion to strike. Despite finding that Plaintiff failed to fully comply with Fed. R. Civ. P. 26(a)(2)(B), which sets forth the requirements for retained expert reports, Plaintiff's disclosures were not stricken because the deficiencies were cured and found harmless.

On February 6, 2014, Defendant deposed Dr. Taylor. Approximately a month later, on March 7, 2014, Plaintiff served his fourth revised (fifth overall) expert disclosure and expert report of Dr. Taylor. This revised report incorporated by reference the twelve opinions contained in his third revised report and added three new opinions—opinions 13, 14, and 15. Defendant's present motion seeks to strike these three opinions along with previously disclosed opinion 9.

## II.     Procedural Conference Requirement

Rule 37(a)(1) and D. Kan. Rule 37.2 require a moving party, in good faith, to confer with opposing counsel about any discovery disputes before filing a motion to resolve the discovery issue. When a motion is filed, it "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[1] The duty to confer generally requires counsel to

---

[1] Fed. R. Civ. P. 37(a)(1).

"converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[2]

After reviewing Defendant's Certificate of Reasonable Effort to Confer (ECF No. 70-1) and the

attached correspondence between the parties with regard to the current discovery dispute, the

Court finds Defendant satisfied his meet-and-confer obligation.

### III.    Analysis

The determinative issue before the Court is whether opinions 13, 14, and 15 are proper

supplements under Rule 26(e) and whether opinion 9 was recanted by Dr. Taylor in his

deposition. Plaintiff contends that Dr. Taylor's previous opinions and deposition needed

clarification, and therefore, opinions 13, 14, and 15 are intended to supplement those opinions.

The Court disagrees, finding that these opinions are not proper supplements, but rather new

opinions altogether that should be stricken. Further, Plaintiff contends that Dr. Taylor did not

recant opinion 9 during his deposition or, if he did, that Dr. Taylor was confused by Defendant's

counsel's line of questioning and did not intend to recant this opinion. The Court agrees in most

respects and finds it inappropriate to strike opinion 9.

### A.    Alleged Supplemental Opinions

Fed. R. Civ. P. 26 governs the disclosure of expert testimony. It provides, in relevant part,

that an expert must submit a report that contains "a complete statement of all opinions the

witness will express and the basis and reasons for them."[3] "This provision imposes a 'duty to

disclose information regarding expert testimony sufficiently in advance of trial that opposing

parties have a reasonable opportunity to prepare for effective cross examination and perhaps

---

[2] D. Kan. Rule 37.2.

[3] Fed. R. Civ. P. 26(a)(2)(B)(i).

arrange for expert testimony from other witnesses.'"[4] An incomplete or preliminary report does not comply with Fed. R. Civ. P. 26(a)(2).[5] Nonetheless, "[t]he rules contemplate periodic supplementation, providing for both an update of the information contained in the report and the information provided through deposition of the expert testimony."[6] When the expert disclosure rules are violated, Fed. R. Civ. P. 37(c) mandates that the information or witness not fully disclosed be barred from supplying evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.

A party's duty to supplement an expert report extends both to information included in the report and to information given during the expert's deposition.[7] Unless ordered by the court, any additions or changes to this information must be disclosed at least 30 days before trial, when the parties' pretrial disclosures under Rule 26(a)(3) are due.[8] In this case, the Court originally established August 8, 2013, as the deadline to supplement disclosures as required under Rule 26(e). However, certain case management deadlines that impact the Rule 26(e) supplementation deadline were stayed on September 18, 2013, and a new deadline to supplement disclosures was never imposed. Therefore, supplementations of expert reports are due no later than 30 days before trial. Because no trial date is set, Plaintiff's fourth revised expert report is timely.

---

[4] *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191 (10th Cir. 2009) (quoting Fed. R. Civ. P. 26(a), advisory committee's notes (1993)).

[5] *Bruner-McMahon v. Sedgwick Cnty. Bd. of Comm'rs*, No. 10-CV-1064-KHV, 2012 WL 33837, at *2 (D. Kan. Jan. 6, 2012) (citations omitted).

[6] *Holt v. Wesley Med. Ctr.*, No. 00-1318-JTM, 2006 WL 5556006, at *1 (D. Kan. Jan. 25, 2006) (citing Fed. R. Civ. P. 26(e)(1); *Majewski v. Southland Corp.*, 170 F.R.D. 25, 26 (D. Kan. 1996)); *see* Fed. R. Civ. P. 26(a)(2)(E).

[7] Fed. R. Civ. P. 26(e)(2).

[8] *Id.*; Fed. R. Civ. P. 26(a)(3)(B).

Supplementing an expert report, however, is allowable only in certain limited circumstances.[9] Rule 26(a)(2) requires expert reports to be supplemented as required under Rule 26(e). Pursuant to Rule 26(e)(1) and (2), a party is required to supplement its expert's written report and deposition testimony when the prior information is "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." "Specifically, that means a supplemental report may correct inaccuracies or fill in the blanks of an incomplete report based on information that was not available at the time of the original report."[10] A lack of diligence in pursuing information potentially available at the time of the original report does not constitute the information was unavailable.[11]

Courts have made clear "that Rule 26(e)(2) does not permit a party to use the supplementing procedure to submit an amended or rebuttal report not based on new information."[12] "A supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)."[13] "Rule

---

[9] *Spirit Aerosystems, Inc. v. SPS Techs., LLC*, No. 09-CV-1144-EFM-KGG, 2013 WL 6196314, at *6 (D. Kan. Nov. 27, 2013).

[10] *Id.* (citing *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006); *see In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, No. 05-md-1721-KHV, 2008 WL 4937651, at *2 (D. Kan. Nov. 17, 2008)); *see also Bruner-McMahon*, 2012 WL 33837, at *2 n.16 ("Unless ordered by the Court, a Rule 26(e) supplementation may only be based upon additional or corrective information that was unavailable when the expert made his or her initial report.").

[11] *Spirit Aerosystems, Inc.*, 2013 WL 6196314, at *6.

[12] *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *3 (D. Kan. Apr. 30, 2013); *see Spirit Aerosystems, Inc.*, 2013 WL 6196314 at *6.

[13] *In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 2008 WL 4937651, at *2 (citations omitted).

26(e) may not be used to provide an extension of the expert report deadline or sandbag one's opponent with issues that should have included in the original report."[14]

### i.    *Opinion 13*

Opinion 13 states, "Dr. Showman failed to consult with other dentists in coming up with Jacob's treatment plan before January 2008 when he contacted Dr. Whitten." Defendant argues that this opinion is an impermissible supplementation because it is a new opinion based upon information previously available at the time of Dr. Taylor's original report. Plaintiff argues, however, that opinion 13 is not a new opinion but rather "a mere clarification of numerous disclosures in Plaintiff's 3rd disclosure." Namely, Plaintiff claims that opinion 13 supplements opinion 10, which states that "Dr. Showman should have completed treatment in a few months instead of two to three years," and opinion 11, which states, "Dr. Showman failed to timely refer to a specialist."

After reviewing opinion 13, it is apparent that this opinion is not meant to correct inaccuracies or remedy an incomplete expert report. Rather, opinion 13 appears to state a new opinion altogether. Nowhere in Dr. Taylor's previous twelve opinions does he mention that Defendant should have consulted with other dentists to formulate a treatment plan before contacting Dr. Whitten. Opinion 11 states that Defendant failed to timely refer to a specialist, which ordinarily means the transfer of a patient's care to another dentist that is trained and practices in a particular branch of dentistry. This is not the same as the dentist him or herself consulting with another dentist to formulate a treatment plan. This distinction shows that opinion 13 is a new opinion, not merely a supplement to opinion 11.

Further, opinion 13 is not based upon new information. Dr. Taylor's report states that he considered Dr. Showman's medical records, Dr. Showman's deposition testimony,[15] and "all

---

[14] *Spirit Aerosystems, Inc.*, 2013 WL 6196314, at *7.

exhibits previously listed from 1-12 in disclosures listed in Plaintiff's Third Revised Disclosures of Expert Opinions" when formulating opinion 13. These materials were previously known to the parties and were available to Dr. Taylor at the time of his prior reports. Because Rule 26(e)(2) does not permit a party to supplement an expert report based upon previously known information, opinion 13 is also improper in this respect.[16]

### ii.    Opinion 14

Opinion 14 states, "It is Dr. Taylor's opinion that based upon the crown to root ratio that Dr. Showman should not have done the extrusion process and after he started it he should have halted the process earlier." Similar to Defendant's arguments for opinion 13, Defendant contends that opinion 14 is new and different from his previously disclosed opinions. Defendant acknowledges that Dr. Taylor previously opined on the methods used or observations made by Defendant during the course of Plaintiff's treatment (i.e. the extrusion process), but argues that these opinions differ from an opinion that Defendant should not have done the extrusion process altogether or halted it earlier. Plaintiff, on the other hand, asserts that opinion 14 is a supplement to opinion 2, which states that "Dr. Showman failed to recognize the crown-to-root ratio was inadequate." Defendant argues that Dr. Taylor discussed in detail opinion 14 when answering questions about opinion 2 in his deposition. After the deposition, defense counsel and Dr. Taylor believed it was necessary to "make opinion 2 more complete," and therefore, set forth opinion 14 in Dr. Taylor's fourth revised report. The Court disagrees with Plaintiff's assertions.

Despite opinions 2 and 14 discussing Plaintiff's crown-to-root ratio, these opinions are distinct from each other. Opinion 2, which is unchanged from Dr. Taylor's prior report, claims

---

[15] Dr. Showman's deposition was taken on May 20, 2013. See Pl.'s Notice of Taking Dep. of Jason Showman, ECF No. 26.

[16] See Spirit Aerosystems, Inc., 2013 WL 6196314 at *6; Sibley, 2013 WL 1819773, at *3.

that Dr. Showman failed to adequately recognize the crown-to-root ratio. Opinion 14 does not correct any inaccuracies or incomplete information from opinion 2. Rather, opinion 14 uses the crown-to-root ratio as a basis for formulating another opinion—that Dr. Showman should not have done the extrusion process or halted it earlier. Opinion 14 is an entirely new opinion, not just a Rule 26(e) supplement.

In addition, Dr. Taylor states that opinion 14 was formulated after reviewing Dr. Showman's records, Dr. Showman's deposition testimony, and various unknown exhibits.[17] Plaintiff fails to show that these contain new information warranting supplementation under Rule 26(e)(2). For these reasons, Opinion 14 is improper.

### iii.    Opinion 15

Opinion 15 states, "Dr. Showman proximately caused the injuries to Jacob Paliwoda that caused the treatment by Dr. Whitten and recommendations of future treatment by Dr. Timothy Taylor." Like opinions 13 and 14, Defendant argues that this is a new opinion. Once again, the Court agrees. It is apparent after reviewing Dr. Taylor's original report and subsequent revised reports that this opinion had not been previously disclosed to Defendant. Nonetheless, Plaintiff tries to argue that opinion 15 clarifies statements made by Dr. Taylor in an email he sent to Defendant's counsel and also Dr. Taylor's opinion 12, which states "My exam on April 2, 2013 reflects the results of my exam and additional dental care that the plaintiff will need in the future based on reasonable medical probability." Opinion 12 and Dr. Taylor's email opine that Plaintiff needs additional dental care, not that Dr. Showman proximately caused Plaintiff's alleged injuries. Therefore, opinion 15 is a new opinion and not merely a supplementation under Rule 26(e).

---

[17] Dr. Taylor's fourth revised report cites exhibits 14, 15, and 18 as exhibits that will be used to summarize or support opinion 14. *See* Pl.'s Fourth Revised Disclosure of Expert Ops., at 2, ECF No. 78-3. However, these exhibits are not attached for the Court's review.

Further, like opinions 13 and 14, opinion 15 was not based on new information. Dr. Taylor cites his third revised disclosure, his fourth revised disclosure, Dr. Whitten's records, and Dr. Whitten's x-rays as the facts or data he considered when formulating opinion 15. Plaintiff fails to show that these materials contain new information warranting Rule 26(e) supplementation. Opinion 15 is also improper in this respect.

### B.    Opinion 9

Defendant seeks to strike opinion 9 because Dr. Taylor allegedly recanted this opinion during his deposition. Opinion 9 states, "Should Dr. Showman have attempted this case, Dr. Showman should have seen the patient every two to three weeks to monitor during the extrusion procedure." Dr. Showman does at one point state during his deposition that opinion 9 is no longer his criticism.[18] However, Plaintiff argues that Dr. Taylor was merely confused by the line of questioning by Defendant's counsel and later on in his deposition tries to clarify opinion 9. After reviewing the portions of Dr. Taylor's deposition relating to opinion 9 as a whole, it is unclear whether Dr. Taylor unequivocally recanted opinion 9 or rather made a misstatement based upon confusion. An expert opinion contradicted in the expert's deposition does not necessarily warrant the preclusion of the opinion if the testimony was caused by confusion or an inadvertent slip of the tongue.[19] For this reason, the Court finds it inappropriate to strike opinion 9. Any inconsistencies between Dr. Taylor's deposition and his expert report may be used for impeachment purposes, but are not a sufficient basis for excluding the expert's opinion in this instance.

---

[18] *See* Def.'s Mot. to Strike, at 11, ECF No. 70.

[19] *See, e.g.*, *Chartier v. Brabender Technologie, Inc.*, No. 08-40237-FDS, 2011 WL 4732940, at *7-8 (D. Mass. Oct. 5, 2011) ("There might be circumstances, of course, under which such contradictions might be satisfactorily explained. An expert might, for example, explain that he was confused by an ambiguous question, or that he made an inadvertent slip of the tongue.").

## C.     Sanctions

Because opinions 13, 14, and 15 are improper supplements under Rule 26(a) and 26(e), the Court can strike these opinions under Rule 37(c). Nonetheless, Rule 37(c) permits courts to refuse to strike improper expert opinions and allow the expert testimony if the violation is justified or harmless.[20] "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[21] While a court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness.[22] The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make a proper disclosure.[23] The primary goal of sanctions is to deter misconduct.[24] "In ruling on a motion to exclude expert testimony under Rule 37(c)(1), the court should bear in mind that it is a 'drastic sanction.'"[25]

After careful consideration of the above-mentioned standard, the Court is not persuaded that Dr. Taylor's improper supplementations (i.e. opinions 13, 14, and 15) are justified or

---

[20] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002); *see In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 2008 WL 4937651, at *3) ("Rule 37(c)(1) provides that a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e) is not—unless such failure is harmless—permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed.").

[21] *Sibley*, 2013 WL 1819773, at *7 (citations omitted).

[22] *Id.* (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Gutierrez v. Hackett*, 131 F. App'x 621, 625-26 (10th Cir. 2005)).

[23] *A.H. v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2010 WL 4272844, at *5 (D. Kan. Oct. 25, 2010) (citations omitted).

[24] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 640 (D. Kan. 2001).

[25] *A.H.*, 2010 WL 4272844, at *5 (citing *Myers v. Mid-West Nat. Life Ins. Co.*, No. 04-cv-00396-LTB-KLM, 2008 WL 2396763, at *2 (D. Colo. June 9, 2008); *Burton*, 203 F.R.D. at 640)).

harmless. The Court recognizes that a trial in this matter will not be disrupted because a trial date is currently not set and discovery is temporarily stayed pending the resolution of this and another discovery dispute. In addition, no evidence exists of Plaintiff's bad faith or willfulness in serving improper expert opinions. However, despite these factors weighing in Plaintiff's favor, the other factors do not.

Defendant argues, and the Court agrees, that the disclosure of these three new opinions served after Dr. Taylor's deposition was not only a surprise to Defendant, but also prejudicial in that it prevented Defendant from adequately preparing for the deposition and cross-examination. To cure this problem would require a second deposition of Dr. Taylor. A second deposition would undermine the very reason for setting expert deadlines, which was already reset once in part because of Dr. Taylor's prior incomplete reports. Allowing this practice could lead to experts submitting "preliminary" reports followed by new "supplemental" reports with additional opinions, creating a state of flux as to the expert's final product up to the very day of trial.[26] Moreover, a second deposition would only further delay this matter and increase the expenses of both parties.

Plaintiff's improper supplements also only allowed Defendant's retained experts one week to consider these three new opinions before serving their own disclosures. Defendant should not be placed at a disadvantage by Plaintiff's violation of the Rules.[27] Albeit previously found to be harmless and cured, Plaintiff has repeatedly failed to adhere to the Federal Rules of Civil Procedure regarding the disclosure and expert report of Dr. Taylor. Continual failure to provide a complete expert report—now the fifth—has created a moving target for which

---

[26] *See Aid for Women v. Foulston*, No. 03-1353-JTM, 2005 WL 6964192, at *4 (D. Kan. July 14, 2005).

[27] *See, e.g.*, *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 681 (D. Kan. 1995) (stating that defendant should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by plaintiff selecting an expert who cannot or will not serve a proper disclosure under Fed. R. Civ. P. 26(a)(2)(B)).

Defendant is asked to rely upon to prepare an adequate defense. This disadvantage should be borne by Plaintiff, the party failing to comply with the Rules. After carefully weighing the above-mentioned factors, the Court finds Dr. Taylor's improper opinions (opinions 13, 14, and 15) contained within his fourth expert report are not substantially justified or harmless. Defendant's motion to strike opinions 13, 14, and 15 is hereby granted.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Dr. Jason Showman's Motion to Strike the Supplemental Opinions in Plaintiff's Expert Witness Disclosure and One Previously Disclosed Opinion (ECF No. 69) is hereby granted in part and denied in part. Opinions 13, 14, and 15 of Dr. Taylor's fourth revised expert report are hereby stricken.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge