IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACOB PALIWODA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2740-KGS |
| | ) | |
| DR. JASON SHOWMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff's Motion to Limit Defendant's Expert Designations (ECF No. 72). Plaintiff argues that Defendant should be limited to one dental expert to testify on the issues of standard of care, causation, and damages because allowing testimony by Defendant's four experts on these topics would be excessive, cumulative, and create unnecessary costs. Plaintiff also seeks to limit Dr. Whitten's testimony to that of damages because, during his deposition, Defendant's counsel stated that Dr. Whitten will not testify as to standard of care or causation. Based on the following, Plaintiff's motion is hereby denied.

**I.    Relevant Background**

On November 21, 2012, Plaintiff filed this medical malpractice action against Defendant for allegedly failing to provide him with proper dental care and treatment. According to Plaintiff, on or about May 9, 2005, he suffered a dental trauma and sought treatment from Defendant. Plaintiff alleges that Defendant negligently treated him and, as a result, he sustained permanent damage.

Plaintiff has retained one expert, Dr. Timothy Taylor, to testify regarding standard of care, causation, and damages in this matter. On March 13, 2014, Defendant served his expert disclosures designating two retained experts, Dr. Stephen Chronister and Dr. Brett A. Roufs, and

himself and Dr. Terry Whitten as treating dentists. On April 23, 2014, Plaintiff filed the present motion to limit Defendant's experts and also to limit Dr. Whitten's testimony to that of damages as a treating dentist.[1]

## II.     Discussion

Courts have the discretionary power to limit the number of expert witnesses who may testify upon a given subject.[2] Such discretion may be used to minimize the prospects for unnecessary, cumulative testimony.[3] Under Fed. R. Evid. 403, a court may exclude evidence if the "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, witnesses shall not be excluded arbitrarily, or on the basis of mere numbers.[4]

### a.  *Limit of Defendant's Experts*

Plaintiff argues that Defendant should be limited to one expert to testify on the standard of care, causation, and damages. Plaintiff claims that it would be excessive, cumulative, and unnecessarily increase costs to allow all four of Defendant's experts to opine on these topics. Specifically, Plaintiff claims that Defendant's two retained experts will present identical testimony. Moreover, Plaintiff asserts that Defendant's two treating dentists have similar qualifications, reviewed much of the same material, and will testify to the same conclusions.

---

[1] It is unclear as to whether the request to limit Dr. Whitten's testimony to that of damages is being sought by Plaintiff because he only briefly addresses this request in the body section of his motion. *See* Pl.'s Mot. at 2, ECF No. 72-1. Out of an abundance of caution, the Court will address this request.

[2] *Treaster v. Healthsouth Corp.*, No. 05-2061 JWL/GLR, 2006 WL 1580980, at *1 (D. Kan. June 5, 2009) (citing *Knapp v. State Farm Fire & Cas. Co.*, Civ. A. No. 94-2420-EEO, 1995 WL 340991, at *2 (D. Kan. May 31, 1995)).

[3] *Id.*

[4] *Green Const. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1014 (10th Cir. 1993) ("It is certainly within the district court's discretion to limit the number of experts, provided the witnesses are not excluded arbitrarily, or on the basis of mere numbers.").

After a review of Defendant's expert disclosures, however, the Court is not convinced at this time that Plaintiff is deluged with a number of experts whose testimony would be repetitive. Particularly, the two treating dentists are fact witnesses that will testify as to the care and treatment provided to Plaintiff, and provide opinions incidental to that dental care. As for the two retained experts, Defendant claims they have different areas of expertise: Dr. Roufs specializes in prosthodontics (i.e. implants), while Dr. Chronister does not; and Dr. Chronister also has a larger pediatric dentistry practice than Dr. Roufs. Further, Dr. Chronister is the only person who conducted an independent dental exam of Plaintiff and will testify as to his results. Despite the expert reports of Dr. Chronister and Dr. Roufs being similar, they are not identical and appear to simply complement each other.

In addition, Plaintiff does not show how allowing Defendant's four experts to testify in this case will unnecessarily increase costs. Plaintiff has already taken the depositions of the treating dentists (Defendant and Dr. Whitten). It is Plaintiff's decision as to whether he wants to depose Defendant's two retained experts. Plaintiff's request to limit Defendant's experts based upon incurring unnecessary costs is unsupported and conclusory. Also, limiting Defendant's experts because Plaintiff is only using one expert, as Plaintiff's suggests, is not persuasive. Limiting witness testimony solely based upon the mere number of witnesses is an arbitrary exclusion and is not permitted.[5]

At this stage, the Court is not convinced that Defendant's experts will present cumulative and excessive evidence or require Plaintiff to incur unnecessary costs. For these reasons, the Court denies Plaintiff's motion to limit the number of Defendant's experts. If at the final pretrial conference or at trial it appears that Defendant's expert testimony is needlessly cumulative,

---

[5] *See id.*

Plaintiff may decide to object. At that time, the Court may exercise its discretion under Fed. R. Evid. 403 to exclude such testimony.

### b. *Limitation on Dr. Whitten's testimony*

Turning to Plaintiff's request to limit Dr. Whitten's testimony to that of damages, the Court also denies this request. Defendant's expert witness disclosures state that Dr. Whitten will testify to care that he provided to Plaintiff, and, as reasonably disclosed in his deposition, the nature and extent of Plaintiff's claimed injuries, the cause of the claimed injuries, and the reason for and necessity of future dental/medical care alleged by Plaintiff.[6] However, Plaintiff claims that during Dr. Whitten's deposition, Defendant's counsel stated that Dr. Whitten would not be used to opine about standard of care and causation, and therefore, his testimony should be limited to that of damages.

As an initial matter, Plaintiff cites an "Exhibit B" to show that Defendant's counsel stated that Dr. Whitten will not opine about standard of care and causation. However, Plaintiff fails to comply with D. Kan. Rule 5.4.5, which requires all documents referenced as exhibits to be attached and submitted electronically. Nevertheless, Plaintiff does not support or provide the Court with a transcript of Dr. Whitten's deposition to show that Dr. Whitten will not opine about standard of care or causation. For these reasons, Plaintiff's motion to limit Dr. Whitten's testimony is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Limit Defendant's Expert Designations (ECF No. 72) is hereby denied.

---

[6] *See* Df.'s Expert Witness Disclosures at 4, ECF No. 72-1.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
